## Kentucky Board of Pharmacy ex rel. Attorney General v. Ashland Gem Co.

(Decided Nov. 14, 1933.)

BAILEY P. WOOTTON, Attorney General, H. HAMILTON RICE, Assistant Attorney General, EDWARD BLOOMFIELD and SIMEON S. WILLIS for appellant.

BROWNING & DAVIS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

This action in the name of the commonwealth of

Kentucky, on relation of Hon. Bailey P. Wootton, Attorney General, and the members of the Kentucky Board of Pharmacy, was instituted in the Boyd circuit court against the Ashland Gem Company, a corporation doing business in the city of Ashland, seeking to enjoin it from operating a drug store in violation of section 2620, Kentucky Statutes.

In addition to the formal grounds necessary to such action, it is alleged that at and for several months before the institution of the action, the company was and had been operating a drug store and continuously kept same open, permitting the compounding and dispensing of prescriptions and vending, at retail, drugs, medicines, poisons, and pharmaceutical preparations by persons who were not pharmacists registered under the laws of the state; and that without having a registered pharmacist present in charge of its business, it was threatening to and would continue to so conduct its business unless enjoined and restrained.

Defendant interposed a demurrer to the petition and, without waiving same, filed answer traversing the allegations of the petition, and in a second paragraph set up certain affirmative defenses. The court sustained a motion to strike the second paragraph of the answer, and we deem it unnecessary to further refer to the affirmative allegations thereof, since not pertinent to a decision of this appeal.

After proof was taken by deposition and the cause had been submitted, plaintiff moved the court to set aside the order of submission and asked permission to file an amended petition to conform to the proof taken. The court sustained defendant's objection to the filing of the petition and ordered same to be marked "tendered and offered to be filed" and made a part of the record. Thereupon the chancellor overruled all objections of the respective parties to depositions and entered a judgment, the material part of which reads:

"It is further considered, ordered, adjudged and decreed by the court that the defendant, The Ashland Gem Company, a corporation be perpetually enjoined and restrained from forever compounding or dispensing prescriptions and from selling at retail, drugs, medicines, poisons or pharmaceutical preparations, in Boyd County, or State of

Kentucky, except by or in the presence and under the immediate supervision of a registered pharmacist, registered as such under the laws of the State of Kentucky.

"It is further considered, ordered, adjudged and decreed by the court that this order of injunction shall not apply to the selling by the defendant of the usual non-poisonous domestic remedies, medicines, or of patent or proprietary medicines, but the court does not undertake to say what are usual, non-poisonous or domestic remedies or medicines, or what are patent or proprietary medicines."

In the amended petition it is alleged that at the time and before and since the filing of the original petition, defendant sold and vended at retail at its store in Ashland, Digitol, Visterol, Ovarian Substance, Lysol, Liquor Cresolis Compound, United States P. Holland Brand, Barbital, Veronal, Phenobarbital, Luminal, Allonal, Bromidia, and Insulin, and each and all of these preparations are either drugs, medicines, chemicals, poisons, or pharmaceutical preparations and none of which are usual, nonpoisonous domestic remedies and medicines, or patent or proprietary medicines, and that during all said time, defendant also sold Lysol, Cresol Liquor Cresolis Compound, United States P. Holland Brand, Digitol, Barbital, Veronal, Phenobarbital, Luminal, Amytal, Allonal, each of which is a poisonous drug or preparation liable to be destructive to human life in quantities of 60 grains or less; and further that the sale of such preparations sold and vended by defendant was in violation of section 2620 of the Statutes, in that defendant was not a pharmacist and did not employ in his place of business a registered pharmacist. In addition to the prayer of the original petition, it asked that defendant be further perpetually enjoined from selling and vending at retail a number of preparations mentioned in the original petition or any drug, medicine, poison, or pharmaceutical preparation, or any patent or proprietary medicine, domestic remedy, chemical or poison which in and of itself is liable to be dangerous or destructive to adult human life in quantities of 60 grains or less for medicinal use except by and under the supervision of a registered pharmacist. Plaintiff is appealing and as grounds for reversal is urging that the chancellor erred in not granting the additional relief sought in the amended petition.

It would be impracticable as well as unnecessary to give a detailed statement of the evidence respecting the character and nature of the various preparations mentioned in the amended petition; however, it may be said that the evidence preponderates to sustain the allegations of the petition as respects these preparations. There is, however, a conflict in evidence as to practically all of them.

Ostensibly the purpose of our statutes relating to the practice of pharmacy, Kentucky Statutes, sec. 2619 et seq., is to protect the health and lives of the public against the acts of untrained and incompetent persons in compounding and dispensing medicines. That the Legislature may, in the exercise of the police power of the state, enact such regulatory measures, is no longer an open or doubtful question. Katzman v.. Commonwealth, 140 Ky. 124, 130 S. W. 990, 30 L. R. A. (N. S.) 519, 140 Am. St. Rep. 359; Kentucky Board of Pharmacy v. Cassidy, 115 Ky. 690, 74 S. W. 730, 25 Ky. Law Rep. 102, and cases therein cited.

In the latter cases involving practically the same questions as presented here, the constitutionality of the act is upheld and there is an extended discussion and interpretation of sections 2620, 2630, and 2631 and the exception made by section 2632 of the Statutes, thus rendering it unnecessary to enter into an elaborate discussion as to the purpose or effect of these various sections.

A considerable part of the briefs is devoted to argument as to whether or not the same harmful results might follow from the sale of poisonous or dangerous drugs by a registered pharmacist as would the sale of the same remedies by an unskilled and unregistered salesman. This is beside the question since, as already indicated, it was competent for the Legislature to pass these regulatory acts. It is not for the court to enter into such a field of speculation or to question the wisdom of the statute, but only to determine whether and to what extent its provisions have been violated.

While it is made to appear that after this action was instituted appellee employed and has retained the services of a pharmacist registered under the laws of this state, the evidence amply sustains the finding that prior to his employment it had operated its store in open violation of the Statutes and that appellant was

entitled to the relief granted. As there has been no cross-appeal, we are only called upon to determine whether additional relief should have been granted.

In prescribing what appellee may not do in the conduct or operation of its drug store except in the presence and under the immediate supervision of a registered pharmacist, the judgment practically adopts the language of section 2620 of the Statutes, and in making the exception follows the language of section 2632, which deals with that phase of the law. This is as broad and comprehensive as the decree could well be made. It would be an endless task for the court to attempt to enumerate the articles which might be properly included with the scope of different sections. But if the sale of any of the preparations specified in the amended petition except by or in the presence of and under the immediate supervision of a registered pharmacist would be a violation of the statute, then such sale made by appellee would also be in violation of the injunction. It is therefore apparent under the judgment that appellant as well as the public generally is afforded every remedy and protection authorized by the statute.

Judgment affirmed.